I feel that I am called upon to make some observations upon one of the points made in this case; and I propose to confine myself to that.
The Judge who tried the cause, held that the deed was duly registered. In that particular he delivered an opinion conforming to that of this Court in this case when here in December, 1831, and in opposition to that entertained by himself upon the first trial. Had I sat at the last (395) trial, I should certainly, have acted as his Honor did. Indeed, I must say, that sitting even where I do, I have entertained the second argument with the greatest reluctance. A question on which the Court is divided must be admitted to be at least doubtful, and one purpose of a Court of final resort is, to render that certain which was before in doubt. This is one of the most useful functions of such a Court: to establish the rule, and settle the law. None assuredly can be more sensible than myself of the importance of respecting the decisions of this Court, as definitely fixing the precise point decided. It cannot surprise that I should privately entertain the opinion I formerly did, because nothing but a deep conviction could have prevailed on me to dissent publicly from the eminent men under whom I sat in 1831. Yet upon the motives alluded to, it would become me to yield my own judgment and conform to theirs, and so I should unhesitatingly, if the opinion entertained by the present members of the Court, did not make it necessary for me again to dissent from them, in giving my voice in conformity with the former decision. My brethen think, as the question is brought here for review in the very case in which it was decided, as the decision is itself recent, and has not become incorporated inveterately into our jurisprudence, so as to become a rule of property on which counsel and the community have acted to a great extent, that it may, if wrong, be corrected without introducing an evil in the remedy, greater perhaps than that constituted by the error itself. Being thus obliged again to express my opinion, and entertaining now, notwithstanding the unfeigned deference which I profess for the knowledge and *Page 324 
parts, and for the profound reverence which I cherish for the memories of those great men, the same sentiments I did then, I must express my real opinion, and act on it as it is.
The principle which governed me before was stated to be this. That the statute in express terms without any proviso, saving, or equity, declares a deed not proved and registered
within six months void. The same principle governs (396) me yet, I cannot get rid of it. Nor have I been able to devise the means of controlling the direct and emphatic words of the statute, upon any reasons of the hardship of the case, supposed or imagined not to have been within the contemplation of the Legislature. My opinion is, that when a statute prescribes a ceremony as necessary to the legal validity of a contract or instrument, there can, at law, be no substitute for it, nor can it be otherwise dispensed with, on any pretense. The instrument would as a deed of trust be as effectual without a seal, as without registration. So, a parol contract, when one in writing is prescribed, as in the statute of frauds, has never been admitted at law to be binding, under any circumstances, though under many, such contracts are enforced in equity. Unless the prescribed ceremony exists, a Court of Law cannot hear the instrument as evidence. Like a stamp when that ceremony is required, registration impresses on the instrument its competency as evidence.
The principle is not impaired when its application is to an act to be done by a public officer, or other third person. It may be possible that it would be, as against the person himself on whom the duty is imposed. It is likewise true, that an act may be so framed as to make it apparent, that some of the provisions are addressed to a private person, and some exclusively to an officer; and in many instances the latter may, upon the intention, be held to be merely directory, and not as avoiding private contracts upon the non-observance of those directions by the officer. But this can never apply to a case, in which the statute is positive, that for the want of those verythings, which the officer is to do, and which he alone can do,and for the want of them only, the instrument shall be void. It would render the statute contradictory and absurd upon its face. I cannot conceive a justification to the judiciary for refusing obedience to the plain words of a statute, which the Legislature is competent to pass. In the form of adjudication, I should consciously feel it in my own case, to be (397) legislation.
I do not think it necessary to enlarge upon the danger of such irresponsible legislation. But to the *Page 325 
judiciary itself it would be attended with interminable and distressing inconveniences. This law was intended to establish a clear and certain rule in every case, whereby the rights of general creditors and purchasers, as against deeds of trust might be determined by a single matter of fact, simple in its nature, susceptible of clear and explicit proof of record as it were, and not susceptible of any variations by the shades which surroundings circumstances might cast on it. But once admit a departure from the law and we shall let in a thousand questions upon diligence, accident, the fraud of the officers and others, and the acts of God, which it will take ages to settle, and which perhaps never can be settled until another statute should sweep down the cobwebs of the closet. Suppose these cases: that instead of the register dying, he should be sick, or that he should be contumacious and refuse to register the deed, or that the witness refused to prove it, or got sick and could not, and the party would not acknowledge it, or that it were mislaid by accident. In all these cases and the like, the hardship is the same; and in all, the law is alike to be left out of sight. Another case: Suppose the clerk had refused to deliver the deed to Mr. Moore, or to the register, or had burned it; surely, those cases would be within the reason of this, and proof of the contents of the deed, though unregistered, must be heard. Yet state the case on the other side, and it is obvious to our apprehension, that the principle cannot be carried out, and will itself, work injustice. If the deed had been delivered by Creecy to Mr. Moore on Tuesday, so that Mr. Collins' execution, tested of the day preceding, would have a preferable lien when sued out; but yet the clerk, by conspiracy with the plaintiff, had positively refused to make out a fieri facias until after the next succeeding term: Nobody will say, that at law, the lien would remain, or that upon suing out the execution four months afterwards, it could be carried back to the day, as of which it ought to have been tested. Why shall one of these creditors (398) suffer loss from the malfeasance of the same public officer, and the other not? How can this be done at law, upon a supposed equity, when in a Court of Equity the principle is, that creditors have equal equity, and that he to whom accident or diligence, or Providence, or any other means, except his own fraud, gives advantage, may keep it, it being a plank in a storm. The plaintiff does not pretend an equity against his antagonist. His complaint is against the law, and the officer of the law. A complaint of the former kind, a Court cannot redress; nor one against the officer in this form.
I need not repeat the references to the methods of pleading deeds enrolled, nor to the decrees in Chancery against a *Page 326 
purchaser with notice of a prior unregistered deed. I only remark, that they retain their former impression on my mind.
But cases have been cited for the plaintiff in the last argument, which do not tend as I understand them, to shake my opinion; but which it is proper I should nevertheless notice.
Those upon the British navigation acts do not require particular analysis, because they are less applicable than those on the statute of enrollments, and of annuities. Indeed a decision in any way, upon those voluminous and complicated navigation statutes, would be deemed but an authority on the construction of the very claims under consideration.
But the Statutes of Enrollment (27 Hen., VIII), and the Annuity Act (17 Geo., III), come nearer to ours. The former like ours, says that no use in an estate of freehold, shall pass be deed of bargain and sale indented, except it be enrolled within six months. The act of 1820, says no deed of trust shall be good, as against creditors and purchasers, unless it be proved and registered within six months; and then with an apparent purpose to make all believe the Legislature to be in earnest, it is repeated in the last sentence, that all deeds not so proved, and registered, shall be held as utterly null and void. (399) The 17 Geo., III, requires every memorial to be enrolled within twenty days and directs that a particular roll shall be provided for that purpose, and that each memorial shall be duly enrolled in the order of time it shall be delivered to the officer, and that "the clerk shall specify on the roll, the certain day, hour or time, on which the memorial is brought to the office, and shall grant a certificate of the enrollment when required."
It is supposed that it has been held under these acts, that a delivery into the office, satisfies the act, and as between the parties, amounts to enrollment. An authority to that effect, I should admit to be directly in point. Those adduced do not seem to be of that character, but to the contrary. They are Hynde's case (4 Rep., 68), and Garrick v. Williams (3 Taunt., 540.) I will consider the latter at once. The case was, that the memorial of an annuity was in due season, inaccurately enrolled, and some years afterwards, the clerk corrected it in the margin, by the original in the office, and before any attempt to vacate it. Upon the ground of this error, the grantor moved to set aside a judgment taken under a warrant of attorney given to secure the annuity, and to vacate the warrant itself. To meet this case, the grantee produced a certified copy of the enrollment as corrected, and purporting to be as of the day of delivery into the office, within the twenty days. He also read the *Page 327 
affidavit of the clerk, explaining the error and its correction, and that it was the course of the office, thus to make corrections, and also upon receiving a memorial, and marking on it the time, thence to consider the enrollment complete, and afterwards to enroll it as of that time. The Court though, inclined to sustain the proceeding if possible, in respect to the course in the office, yet admitted the question to be attended with considerable difficulty, and took time to advise on it. The opinion was afterwards delivered by Chief-Justice Mansfield against the application. He confines himself to the single reason, that the Court would look to the enrollment as it then was, and to that only, and as that was correct, would inquire no farther. It is plain that the evidence in the affidavits was wholly disregarded, and that no attention was paid to the particular (400) hardship or circumstances. How far the ground of decision is consonant to principle, or meets the views of the Legislature it is not for me to judge. But admitting it to be correct, the point decided is essentially different from that in question before us. Our case is, that it appears upon the registration itself, that it was made after the expiration of six months. Had that been so in Garrick v. Williams, 3 Taun., 540, the Court of Common Pleas must upon their own principle, have held it void, although the memorial had been deposited within twenty days. The fact was, the enrollment was not within twenty days, but it purported to be so. The Court say they will hear nothing against the statements in the enrollment. Why? Because, if they did hear it the whole would be avoided. The decision is not that the facts if shown were insufficient; but that the official certificates on the original rolls should not be contradicted. This implies that the case in support of the motion, if sustained by competent evidence, was in itself sufficient. For the reason for excluding the evidence was that it would prove the certificates to be false in respect of the time, and if thus false, the law avoided the whole.
Whether registration in our law by a person not an officer of a Court of record, and not purporting to be of any term of such a Court, can to any purpose be regarded as a record, not admitting of contradiction, it would be but a dictum now to mention. If it even be so then both upon the real fact, and upon the fact as appearing on the deed and registration, this case is against the plaintiff. Here the defendants aver nothing against the record, but rely on the fact as therein set forth. The registration was not within six months as stated in the registration. The evidence, therefore, comes from the plaintiff himself; not indeed that the certificate is false, but to *Page 328 
show that the deed, could and ought to have been registered sooner.
The Court of Common Pleas said that as the clerks might not be able to enroll all the memorials that were brought in, as they were delivered, the delivery into the office ought (401) to be considered the enrollment. The Judges could not deny that this was against the act of Parliament, and could not be carried through, if the real time of the registration appeared. To avoid that consequence, resort was had to artificial reasoning to establish the enrollment, by a fiction, to be at an earlier day than it really was. This is said to be upon the authority of decisions in the old law upon the statutes of enrollments, that the Court should look to the roll and no further. Hynde's case is also there referred to, and Gilbert on Uses and Sir T. Howard's case (Owen, 132.) Gilbert says, "as to averring an enrollment, this must be understood when the time was not entered on the record; but since 16 Eliz. the date of the enrollment has been entered." I have been unable to find the case stated to be reported in Owen, but I have no doubt the point is ruled there, as we find it mentioned in other books of authority. Chief-Baron Comyns lays it down (Bargain and Sale, B. 10), that before 16 Eliz. no day of enrollment used to be entered, and then it might be averred that it was not enrolled within six months, but since that time, it cannot be averred that it was not enrolled at the day endorsed for the enrollment, for that is part of the record. For this he cites with his approbation, 2 Roll., 119, 120. Those reports are not to be had here, but the case referred to, is Worsley v. Felisker, and is stated as from Roll, in 14 Vin. Abr., 443, Enrollment. A. pl. 4. as follows: An indenture of bargain and sale, was enrolled in Chancery, exemplified under seal, and at the end was a memorandum, viz: that it was enrolled, but no time mentioned when it was done, but the plaintiff offered to prove by circumstances that it was within the six months. Upon which great debate arose, but a clerk being sent to the enrollment office by the Court, to know their usage as to inserting thetime of the enrollment, he certified on his oath, that they informed him that before the 16 Eliz. (at which time the enrollment office was erected), they did not use to insert the time, but they are used to do otherwise now; which was 17 Jam. I. (402) Mr. Viner says in the margin, that now it is constantly used, and to good purpose in respect to the more easy and readier proof of the enrollment upon any occasion, for credit is given to the endorsement without any further proof, as being made by a known officer, intrusted for that purpose. *Page 329 
From these authors it thus appears the certificate is evidence as well of the time, as of the fact of the registration, and moreover, that being there, to this purpose, considered in the light of a record, no direct averment can be received against it.
To a certain extent their rules have been received here. The certificate of the register is evidence of the registration of a deed, requiring it, on which it is read without other proof of the registry, and in a case in which the time of registry is material, doubtless the certificate to that fact is, at the least, prima facie evidence of it. Whether it be conclusive is not so clear, and has never been decided. If both the registry and the certificate on the deed be silent upon that point, it must of necessity be open to proof from any person whom the time affects. Haughton v. Rascoe,10 N.C. 21.
But whenever it does appear by any of those means, legally competent in any particular case to bring the fact to judicial cognizance, that the registry was at a particular time, all advantage may be taken of the fact, either in giving effect to, or impugning the operation of the deed. Garrickv. Williams, is itself authority to this point; for the Court to escape from the effect of the fact, would not hear evidence of it, because inconsistent then with what was called the record. To this case the principle was applied, that respects an entry nunc pro tunc, as being the original entry. But the general proposition just laid down is fully supported from the very authority (Hynde's case) cited there, and relied on in the argument here.
That case was that tenant in fee leased for years, and then made a bargain and sale of the reversion to the plaintiff on 7 May (30 Eliz.), on which the plaintiff declared in waste against the tenant, as being enrolled (within six months according to the statute) in C. B. T. Pasch, of that year. The defendant confessed the seizin, of her lessor, and the (403) lease to her, and pleaded that after 7 May, and beforethe bargain and sale was enrolled, the bargainor, 15 Pasch, in the same year, levied a fine to the plaintiff and his heirs, after which fine levied, the deed was enrolled in C. B., and that the defendant had never attorned: to which the plaintiff demurred. The whole case turned on the question, whether the actual time of the enrollment could be shown to be after the fine, both being stated on the record to be Easter Term. For, if it was not after the fine, or could not be so shown to be, the bargainee was in under the statute of uses, without attornment, and so could maintain waste; but if in by fine, then attornment was necessary. The Court held that the deed after enrollment hath generally relation back to the delivery, so as to avoid mesne *Page 330 
estates made to a stranger by the bargainor, but not so as to divest the estate settled in the interim by the fine in the bargainee himself; which made him in, the per. There arose a question whether the true time could be averred. It was objected that it could not, because both must be taken to refer to the same time, namely the first day of the term, and was to be tried by the record, and not put in issue, as a matter in pais to be tried by the jury, and that it would be dangerous, as it might come after a long time when witnesses were dead. But the whole Court held that although the presumption was that the enrollment was in Easter Term, and on the first day of it, yet that it was but a presumption by fiction of law, and the precise time might be averred by any who had an interest to do so, and the true time here was agreed by the parties, being confessed by the demurrer. The averment, it was admitted, could not be made against a record, but this was in that case deemed to extend only to the enrollment, and not to the time of it.
It is to be remarked in the first place, that this case occurred seventeen years after the erection of the enrollment office in 16 Eliz. and no notice is taken of it. The particular day was either not generally inserted then in the registry (404) and certificate, or had been omitted in this case; or if inserted, it did not appear in the pleadings, and had not been relied on by the plaintiff as an estoppel. An estoppel may be waived, and is waived when it may be, and is not relied on in the record, by the party entitled to the benefit of it; here the plaintiff declared on the deed, as enrolled generally within six months and madeprofert of it. The defendant confessed such an enrollment, but said that it did not pass the estate, because before it was in fact made, the bargainee had the estate in himself by a higher species of assurance, so that there was no seisin in the bargainor out of which the use could arise. True, the defendant could not by plea to the country, deny the enrollment; and it may also be true, that he would not by such plea, after 16 Eliz. have been permitted to aver the time different from that stated in the declaration, and there stated as by the enrollment appearing. But the plaintiff did not so declare, nor did he supply that defect by a replication, that the enrollment was before, or at the same time with the fine, as by theenrollment and the record of the fine appearing. On the contrary he demurred, and thereby admitted the fact as pleaded, insisting generally that he had made legal and conclusive proof of the true time upon the presumption that it was on the first day of the term. This the Court held otherwise, because his own demurrer admitted that in this case, the presumption was false. *Page 331 
The decision seems to be in point here. The particular matter ruled in it is, that even when the party can insist upon a particular fact, by relying on the evidence of it as an estoppel, yet if he will not so rely, but admit upon the record, that the fact is otherwise, the Court must proceed upon the truth; and where the admission is of the fact of enrollment, at a particular day, different from that presumed prima facie, whereby the deed is ineffectual in law, it shall be so held. The same consequence must follow when the party's own proof shows the day of the enrollment to be not within the time prescribed, as if that appeared on the enrollment, or if that be silent, upon other evidence. The farthest any case has gone is, that if the enrollment appear to be right, and in due time, (405) and the party rely upon the record as establishing the facts, by way of estoppel, and doth not leave it at large, by such pleading as puts the real time in issue nor confess it on the record, the Court will not hear evidence against the matter appearing on the enrollment. Such was the case of Garrick v. Williams, 3 Taun., 540; which being a motion in which there could be no pleadings, the grantee had a right to rely on the estoppel, as it arose upon the evidence. But if the enrollment had itself shown, that contrary to the legal presumption, that it was made on the day marked on the memorial, as that on which it was left in the office, it was in truth, enrolled after the expiration of twenty days, the decision must have been that it was not duly enrolled, and was void. That is the very case we are considering. This registry purports to be made after the six months. Upon the principle of the last case, and the rule said to have been adopted upon the course of the office after 16 Eliz. the plaintiff could not aver the contrary. Upon that I give no opinion. He does not attempt it, but insists that though not purporting to be made, nor in fact, made within six months, but afterwards, it is nevertheless as good as if it had been thus made. To that there is no authority, and the words of the statute are clear, direct, express and positive against it.
There is no room for construction; nothing in the act from which an intent can be collected, as distinguished from the import of the penal words, which embrace every case without exception. Indeed the very thing which according to the statute, avoids the deed, is the act — registration within a particular period — to which the officer alone is, and the party is not competent. I have had occasion before to remark and I now repeat, that in my opinion the unreasonableness, hardship, or injustice of a statute cannot, where the words are plain, and *Page 332 
denote unequivocally a settled intention, authorize the judicial repeal of it, under the name of interpretation. Here the terms are not obscure, nor the sense doubtful, but as plain as language can make it, and therefore they admit of no control (406) by way of exposition. There can be but one possible exception. As against the Register himself, a delivery to him might perhaps, be a registration. But as to third persons, they are not charged with the duty of performing any act touching the registry, and therefore cannot be affected by any omissions on the part of the plaintiff, or the officer.
Thus thinking I concur that the judgment of the Superior Court shall be reversed, and a venire de novo awarded.
PER CURIAM. Judgment reversed.
Cited: McKinnon v. McLean, 19 N.C. 82; Clayton v. Liverman, 20 N.C. 381;Baldwin v. Maultsby, 27 N.C. 512; S.C., 29 N.C. 95.